# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00110-GCM

| | |
|---|---|
| RONALD E. DAVIS JR., | |
| Plaintiff, | |
| v. | **ORDER** |
| MEGAN J BRENNAN, | |
| Defendant. | |

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [ECF Doc. 29], which was filed on December 23, 2019. Plaintiff Ronald E. Davis, Jr. filed his Response [ECF Doc. 30] on January 7, 2020 and Defendant filed her Reply [ECF Doc. 31] on January 14, 2020. Without leave of Court pursuant to Local Civil Rule 7.1(e), Plaintiff filed a Surreply [ECF Doc. 32] on February 4, 2020. Now being fully briefed, this matter is ripe for consideration and the Court, having fully reviewed the facts and circumstances of the Motion, finds the following.

## I. BACKGROUND

Plaintiff filed this lawsuit *pro se* in March 2019. Defendant initially filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on July 2, 2019. However, Plaintiff sought to amend his Complaint and the Court granted leave to do so, thus denying Defendant's Motion without prejudice. *See* ECF Doc. 27. Plaintiff's Amended Complaint now alleges violations of the Rehabilitation Act of 1973 ("Rehabilitation Act"), Family and Medical Leave Act ("FMLA"), and the Fair Labor Standards Act ("FLSA"). The Amended Complaint claims Defendant failed to

1

accommodate Plaintiff's alleged disability stemming from Post-Traumatic Stress Disorder and a gunshot wound in his right hip.

## II. STANDARD OF REVIEW

A defendant may assert that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Complaints need not give "detailed factual allegations," but a plaintiff must provide more than "a formulaic recitation of the elements of a cause of action" or "labels and conclusions" to avoid dismissal under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* Complaints must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court will "accept as true" all factual allegations. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Lastly, "[p]ro se complaints are held to less stringent standards than those drafted by attorneys." *Miller v. Pulaski Cnty. Sheriff's Dep't*, No. 93-7306, 1994 WL 378079, at *1 (4th Cir. July 20, 1994).

## III. DISCUSSION

Most of Plaintiff's claims appear to relate to disability discrimination and retaliation under the Rehabilitation Act. There are also two additional claims related to alleged FMLA and FLSA violations. Therefore, the following Order begins by analyzing Plaintiff's Rehabilitation Act claims and then proceeds to discuss Plaintiff's FMLA and FLSA claims.

### a. Claimed Rehabilitation Act Violations

2

Several of Plaintiff's claims are based on alleged retaliation by the United States Postal Service ("USPS") for prior protected activity and/or failure to accommodate. These claims include:

1. Issuing a seven-day suspension "based upon fabricated info[ormation] [USPS] knew to be false" in September 2016;
2. Issuing a fourteen-day suspension "based upon fabricated info[ormation]";
3. Failure to follow USPS "policies and procedures in reference to reasonable accommodation Plaintiff requested in August 2016";
4. Engaging repeatedly "in illegal activities and violations of EEO laws making false statements and allegations to issue unwarranted discipline" when USPS "improperly placed plaintiff in non-pay emergency placement status Mar[ch] 2018";
5. Making "false, slanderous statements against plaintiff when filing false police [reports] and knowingly and falsely accus[ing] plaintiff of assault";
6. Fabricating reasons to issue a fourteen-day suspension in May 2018;
9. Failing "to properly provide protections afforded in postal zero tolerance policy during the 'HUNIC' incident."[1]

ECF Doc. 25 at 5. Plaintiff only makes claims for discrimination based on his purported disability. *Id.* at 4.

As a threshold matter, Plaintiff makes no attempt to allege facts showing he qualifies as disabled under the Rehabilitation Act. To be considered disabled under the Rehabilitation Act, an individual must (1) have "a physical or mental impairment that substantially limits one or more

---

[1] For clarity in understanding which claims the Court is addressing, the numbering in this list reflects the "item" numbers in Plaintiff's Amended Complaint, which is why the numbering skips from six to nine. Items seven and eight are discussed later in this Order.

3

major life activities"; (2) have "a record of such an impairment"; or (3) be "regarded as having such an impairment." 29 U.S.C. § 705(20)(B) (2018) (citing 42 U.S.C. § 12102(1)). "Major life activities" include activities such as "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working," as well as operating "a major bodily function." 29 C.F.R. § 1630.2(i)(1)(i)–(ii) (2020).[2] The Court makes no conclusion as to whether Plaintiff is disabled under the statute but must find that Plaintiff has not alleged sufficient facts for the Court or a jury to plausibly conclude, without speculation, that he qualifies as disabled. Therefore, any claims under the Rehabilitation Act should be dismissed.

Assuming, *arguendo*, that Plaintiff alleged facts to plausibly conclude he is disabled under the Rehabilitation Act, Plaintiff fails to meet the plausibility standards required under Rule 12(b)(6) as to any claimed retaliation. The Rehabilitation Act prohibits "discrimination against an otherwise qualified individual with a disability." *Doe v. Univ. of Md. Med. Syst. Corp.*, 50 F.3d 1261, 1264 (4th Cir. 1995). To establish retaliation under the Rehabilitation Act, a plaintiff must prove that (1) the plaintiff was "engaged in a protected activity under the Rehabilitation Act"; (2) "the defendant took an adverse employment action against [the plaintiff]"; and (3) there was "a causal connection between the protected activity and this adverse action." *Webster v. Henderson*, 32 F. App'x 36, 44 (4th Cir. 2002). An adverse employment action must be one that affects an injury or harm and is significant, not trivial. *Burlington N. v. Santa Fe Ry. Co.*, 548 U.S. 53, 68 (2006) (reevaluating what an adverse employment action is in the context of a Title VII claim). In

---

[2] There are numerous examples of what type of major bodily functions might apply, but those are not relevant here since Plaintiff made no effort to establish in his complaints what type of major life activity qualified him as disabled. *See id.*

4

addition to failing to establish that his disability qualifies as one under the Rehabilitation Act, Plaintiff has not established facts showing any supposedly adverse employment actions taken against him were significant. Moreover, beyond total speculation, there are insufficient facts alleged for the Court to conclude Plaintiff's various disciplines had anything to do with his disability. Further, while Plaintiff may have suffered discipline at various times during his employment, he has set forth no facts specific enough to conclude that the discipline was due to retaliatory animus. None of Plaintiff's retaliation claims under the Rehabilitation Act survive the Rule 12(b)(6) standards.

Next, as to any potential claims of failure to accommodate under the Rehabilitation Act, Plaintiff has not sufficiently alleged facts to support such claims. A prima facie claim of failure to accommodate under the Rehabilitation Act requires a showing that (1) the plaintiff "was a qualified person with a disability"; (2) "the employer had notice of the disability"; (3) the plaintiff "could perform the essential functions of the position with a reasonable accommodation"; and (4) "the employer nonetheless refused to make the accommodation." *Farquhar v. McCarthy*, 814 F. App'x 786, 788 (4th Cir. 2020) (quoting *Hannah P. v. Coats*, 916 F.3d 327, 337 (4th Cir. 2019)). Examples of the deficiencies of Plaintiff's complaints regarding failure to accommodate include that he does not allege facts sufficient to establish that (1) he qualifies as disabled under the Rehabilitation Act; (2) his employer had sufficient notice of his disability; or (3) he actually requested reasonable accommodation related to the essential functions of his position. No matter which claims may relate to failure to accommodate, any of Plaintiff's claims regarding failure to accommodate should be dismissed.

It is also unclear as to whether Plaintiff is alleging a hostile work environment based on unlawful retaliation. Yet again, analysis of Plaintiff's hostile work environment claims assumes,

*arguendo*, that Plaintiff is disabled as defined under the Rehabilitation Act—which the Court concludes he has not established. Turning to hostile work environment claims, however, Plaintiff must allege the conduct (1) "was unwelcome"; (2) resulted because of Plaintiff's disability or prior protected activity; (3) "was 'sufficiently severe or pervasive' to alter the conditions of [Plaintiff's] employment"; and (4) "was imputable to [Plaintiff's] employer." *Pueschel v. Peters*, 577 F.3d 558, 565 (4th Cir. 2009) (quoting *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 338 (4th Cir. 2003) (en banc)). Beyond conclusory statements that certain false statements were made in retaliation because they occurred in proximity to his EEO activity, Plaintiff has not provided the Court with any plausible facts to support a claim that the allegedly hostile conduct was because of Plaintiff's disability. Consequently, to the extent that some of Plaintiff's claims are made under the basis of hostile work environment, they still must be dismissed pursuant to Rule 12(b)(6).

### b. Claimed FMLA Violation

Item 7 in Plaintiff's Amended Complaint notes that USPS violated the FMLA "by placing plaintiff on deems desirable (restrictive sick leave)." ECF Doc. 25 at 5. The Court begins by acknowledging that this item was not included in Plaintiff's Complaint, nor did the Court grant leave to include it in the Amended Complaint. However, through a check-marked box in Plaintiff's Complaint, Plaintiff alleged violation of the FMLA and, thus, the Court will analyze whether this item should be dismissed rather than summarily dismissing it simply because no leave was granted to include it in the Amended Complaint.

The FMLA allows eligible employees of a covered employer to take unpaid, job-protected leave or to substitute paid leave where appropriate for up to twelve weeks within one year in certain instances, including because of a serious health condition making the employee unable to perform

6

job functions.  29 C.F.R. § 825.100(a) (2020).[3]  An action claiming violation of the FMLA must be brought within two years of the last event that allegedly violated the FMLA.  29 U.S.C. § 2617(c)(1).  There are no facts in either of Plaintiff's complaints to support Plaintiff's claim that USPS violated the FMLA.  Plaintiff has presented no facts to support the date that he was placed on deems desirable to prove that he timely filed this cause of action, he has not alleged sufficient facts of interference, restraint, or denial of his FMLA rights, and he has not alleged facts related to discrimination that may have occurred based on him opposing a violation of his FMLA rights.  Plaintiff's Amended Complaint does not meet the plausibility standards to avoid dismissal under Rule 12(b)(6) as to his FMLA claim.

### c. Claimed FSLA Violation

Finally, Plaintiff claims USPS violated the FLSA "when it knowingly removed clock rings" and allegedly did not pay Plaintiff "for hours worked or owned [sic] him in retaliation."  ECF Doc. 25 at 5.  Again, the Court did not expressly grant leave to add this claim into Plaintiff's Amended Complaint.  However, the Court will discuss whether this claim should be dismissed since an FLSA claim was check-marked in Plaintiff's initial Complaint.

To assert a prima facie claim of retaliation under the FLSA, Plaintiff must show that "(1) he engaged in an activity protected by the FLSA; (2) he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and employer's adverse action." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008).  In this claim, Plaintiff has made a conclusory allegation that Defendant retaliated against him in violation of the FLSA.  Plaintiff has not alleged facts explaining what his protected activity was, the adverse action taken by his employer subsequent

---

[3] There are other times where it is appropriate to take FMLA leave that are not listed here due to their irrelevance under the facts of this case.  *See id.*

7

to or contemporaneous with his protected activity, or the causal connection between his activity and the adverse action. Plaintiff has left the Court with nothing but a single conclusory sentence to support his claim of retaliation under the FLSA. While the Court could generously infer the first two elements of the prima facie claim based on the minimal factual allegations in Plaintiff's complaints, Plaintiff has still provided no dates of non-payment, amounts of non-payment, or details about Defendant's alleged retaliation. Moreover, Plaintiff has provided the Court with no facts sufficient to raise the right to relief beyond a speculative level as pertains to the third element of Plaintiff's prima facie claim—the causal connection between his activity and Defendant's adverse action. Plaintiff has failed to meet the plausibility standards with regard to his claim of FLSA retaliation.

## IV. CONCLUSION

In sum, even under the lenient standards afforded to *pro se* complaints, the Court finds that Plaintiff's Amended Complaint should be **DISMISSED**.

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint, in its entirety, is **DISMISSED** for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Signed: September 24, 2020

Graham C. Mullen
United States District Judge

8

Case 3:19-cv-00110-GCM   Document 33   Filed 09/24/20   Page 8 of 8